UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROZAIRE ALCEGAIRE, Plaintiff,

v. Civil Action No. 3:15-cv-266-DJH-CHL

JBS USA, LLC, Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Rozaire Alcegaire has moved to alter or amend the Judgment in this case. (Docket No. 48) Because the Court concludes that it did not clearly err in its previous Memorandum Opinion and Order (D.N. 46), and finds that modification of the Judgment is not necessary to prevent manifest injustice, Alcegaire's motion will be denied.

### I. BACKGROUND

Alcegaire alleges that JBS interfered with her rights under the Family and Medical Leave Act (FMLA) and discharged her in violation of Ky. Rev. Stat. § 342.197 after she filed a workers' compensation claim. (D.N. 1) JBS moved for summary judgment (D.N. 34), arguing that the FMLA interference claim failed as a matter of law because Alcegaire did not suffer from a serious health condition and failed to comply with the company's attendance requirements. (D.N. 36) JBS further argued that Alcegaire's wrongful-discharge claim failed as a matter of law because there was no causal connection between her discharge and her workers' compensation claim. (*Id.*)

In a Memorandum Opinion and Order entered September 27, 2017, the Court granted JBS's motion for summary judgment. (D.N. 46) The Court concluded that Alcegaire had not established that she was entitled to leave under the FMLA or that she gave her employer proper

1

notice of her intention to take FMLA leave. (*Id.*, PageID # 307) The Court further concluded that Alcegaire had not shown a causal connection between her workers' compensation claim and her termination and that JBS had shown a legitimate reason for her termination. (*Id.*, PageID # 310) Alcegaire now seeks to alter or amend the Court's Judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.N. 48)

## II. STANDARD

"Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). A motion under Rule 59(e) may be granted for one of four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc.*, 178 F.3d at 834.

## III. DISCUSSION

Alcegaire urges the Court to alter or amend its earlier Judgment in order to correct purported clear errors of fact and law and to prevent manifest injustice.[1] (D.N. 48-1, PageID #

---

[1] The Sixth Circuit's "cases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive." *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014)). "Manifest injustice is defined as '[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.'" *Id.* (quoting Black's Law Dictionary (8th ed. 2004)). "[A]s the examples suggest, more than a clear error is required; injustice must also result." *Volunteer Energy Servs., Inc.*, 579 F. App'x at 331.

2

315) First, Alcegaire argues that the Court erred in failing to address the fact that she suffered from a chronic health condition that entitled her to FMLA leave. (*Id.*, PageID # 316) Second, Alcegaire asserts that the Court erred in finding that her employment was terminated for failing to call in her absences. (*Id.*) Third, Alcegaire argues that the Court erred in relying on *Bush v. Compass Group USA*, 683 F. App'x 440 (6th Cir. 2017), for the proposition that temporal proximity alone is insufficient to show causation for purposes of a wrongful-discharge claim under Ky. Rev. Stat. § 342.197. (D.N. 48-1, PageID # 316) Finally, Alcegaire seeks to supplement the record. (*Id.*) The Court will address each alleged ground for relief in turn.

### A. Alcegaire's Health Condition

The Court rejected Alcegaire's FMLA interference claim in part because it found that she did not have a serious health condition entitling her to FMLA leave. (D.N. 46, PageID # 305) In particular, the Court found that Alcegaire did not qualify as incapacitated under 29 C.F.R. §§ 825.115(a) and 825.113(b). (D.N. 46, PageID # 304-05) Alcegaire now argues that the Court erred in failing to consider whether her condition satisfied the definition of "chronic serious health condition" under a different section of the regulation, 29 C.F.R. § 825.115(c). (D.N. 48-1, PageID # 317)

At the outset, Alcegaire's argument fails because it was not raised before.[2] *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2017) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.").

---

[2] Nowhere in her response to JBS's motion for summary judgment did Alcegaire allege that her health condition was "chronic." (*See* D.N. 42) Nor did Alcegaire cite in her response the regulation, § 825.115(c), upon which she now relies. (*See id.*) Instead, Alcegaire argued that she was unable to perform her regular job duties under 29 C.F.R. § 825.113 (D.N. 42, PageID # 223), but the Court rejected that argument. (D.N. 46, PageID # 304-05) *See Howard*, 533 F.3d at 475 (explaining that Rule 59(e) does not permit parties to re-argue a case).

3

In any event, the Court is unable to conclude that Alcegaire suffered from a chronic serious health condition under § 825.115(c). Alcegaire asserts that she "saw a physician for her back condition on at least three occasions" and that "she was also diagnosed as suffering from arthritis, and advised that she was to be seen in recheck as needed." (D.N. 48-1, PageID # 318) But "[i]n order to have had a serious health condition, whether chronic or permanent, [Alcegaire] must have been unable to work, attend school, or perform other regular daily activities during the period of [her] leave." *Perry v. Jaguar of Troy*, 353 F.3d 510, 515 (6th Cir. 2003); *see also Whitworth v. Consol. Biscuit Co.*, No. 6:06-112-DCR, 2007 WL 1075774, at *5 (E.D. Ky. Apr. 6, 2007) ("If a plaintiff cannot show that he or she had a condition that incapacitated him or her, the Court's inquiry is over and summary judgment is appropriate." (internal quotation and citation omitted)).

Here, the evidence shows that doctors twice examined Alcegaire and released her to work, albeit on a modified, sit-down basis.[3] (D.N. 35-2, PageID # 126; D.N. 35-3, PageID # 174-75, 177-78) And while Alcegaire asserted earlier that she "could not perform a regular daily activity, standing, for significant periods," she cited no evidence to support her assertion. (*See* D.N. 42, PageID # 223) *Cf. Perry*, 353 F.3d at 515-16 ("[Plaintiff] argues that [his son] was incapacitated because he could not perform regular daily activities . . . . [Plaintiff], however, points to no evidence to support this conclusory claim . . . ."). The Court therefore declines to alter its earlier finding that Alcegaire was not incapacitated. (*See* D.N. 46, PageID # 305)

---

[3] Importantly, Alcegaire's own assertion that "she was in significant pain from her injury and could not return to work" (D.N. 48-1, PageID # 319) is insufficient to show inability to work. *See Linebarger v. Honda of Am. Mfg.*, 870 F. Supp. 2d 513, 524 (S.D. Ohio 2012) ("Incapacitation for the purposes of the FMLA 'does not mean that, in the employee's own judgment, he or she should not work, or even that it was uncomfortable or inconvenient for the employee to have to work. Rather, it means that a "health care provider" has determined that, in his or her professional medical judgment, the employee cannot work (or could not have worked) because of the illness.'" (citation omitted)).

Alcegaire relies heavily upon *West v. Pella Corp.*, where the Court found that the plaintiff suffered from a chronic serious health condition and denied the defendant summary judgment on an FMLA interference claim. No. 5:16-CV-154-TBR, 2017 WL 4765653, at *4-6, *9 (W.D. Ky. Oct. 20, 2017). But in *West*, it appears that the plaintiff's incapacity was undisputed, as the Court did not discuss it.[4] *See id.* Instead, the defendant in *West* argued that the plaintiff was not suffering from a serious health condition because the plaintiff did not provide medical documentation for some of his absences. *Id.* at *5. The court in *West* found that argument unpersuasive, as an absence due to a chronic serious health condition qualifies for FMLA leave even if the employee does not receive medical treatment during the absence. *Id.* (citing *Perry*, 353 F.3d at 515) But the Court here has already concluded that Alcegaire was not incapacitated; thus, it need not reach the issue of treatment. *See Whitworth*, 2007 WL 1075774, at *5 ("The determination of whether a plaintiff was incapacitated within the meaning of the FMLA is a threshold consideration for her claims under the FMLA.").

In short, the Court finds no clear error in its earlier determination that Alcegaire did not suffer from a serious health condition entitling her to leave under the FMLA.[5] Rule 59(e) relief on this basis is therefore unwarranted.

---

[4] While the court in *West* defined "incapacity" as the "inability to work, attend school[,] or perform other regular daily activities," it did not explicitly discuss the plaintiff's ability to work or perform other activities. *See* 2017 WL 4765653, at *4-6 (quoting 29 C.F.R. § 825.113(b)). The absence of such discussion from the case makes sense in light of the undisputed evidence showing that the plaintiff's doctor twice advised that the plaintiff could not return to work for a period of time. *See id.* at *5. In contrast, Alcegaire's doctors advised that she could return to work. (*See* D.N. 35-3, PageID # 177-78)

[5] Alcegaire also suggests for the first time in her reply brief that "severe arthritis is a *per se* chronic serious health condition." (D.N. 52, PageID # 343-44) This argument was not raised earlier, and it is not supported by the authority Alcegaire cites. (*See id.*, PageID # 344) *See Brannon v. OshKosh B'Gosh, Inc.*, 897 F. Supp. 1028, 1035 (M.D. Tenn. 1995) (noting only that severe arthritis is a possible serious health condition).

B.	**Reason for Alcegaire's Termination**

In its earlier Memorandum Opinion and Order, the Court found that Alcegaire repeatedly failed to call in her absences in violation of JBS's attendance policy. (*See* D.N. 46, PageID # 306-07) Thus, Alcegaire's FMLA interference claim failed as a matter of law. (*Id.*) *See Cundiff v. Lenawee Stamping Corp.*, 597 F. App'x 299, 300-01 (6th Cir. 2015); *Srouder v. Dana Light Axle Mfg.*, 725 F.3d 608, 615 (6th Cir. 2013). Alcegaire now argues that "the sole reason that JBS terminated her employment was her failure to submit her medical documentation." (D.N. 48-1, PageID # 319) In support of this argument, Alcegaire points to her termination notice, which stated that she was terminated "for failure to comply with the Absentee Control Policy when [she] failed to provide supporting documentation for [her] absences." (*Id.*; D.N. 42-6, PageID # 280)

The Sixth Circuit has explained that an employee is not entitled to FMLA leave if she does not comply with her employer's usual notice and procedural requirements:

> Under the FMLA, an employee who has a serious health condition . . . has the right to take up to 12 weeks of leave per year. But the FMLA does not grant that right unconditionally: it requires, among other things, that the employee give his employer "notice of his intention to take leave." And that notice must take a certain form, namely, the employee must "comply with [the employer's] usual and customary notice and procedural requirements . . . absent unusual circumstances." If the employee does not comply with those requirements, then the FMLA does not give him the right to take leave.

*Cundiff*, 597 F. App'x at 300 (citations omitted).

Here, JBS's attendance policy required employees to "notify the company if they [would] not be able to report to work." (D.N. 42-7, PageID # 282) Proper notification involved "calling the answering machine . . . at least 30 minutes prior to their scheduled starting time and providing identifying information and the reason for the absence." (*Id.*) It is undisputed that

6

Alcegaire did not call in her absences in accordance with the policy.[6] (D.N. 35-2, PageID # 127-28)  Alcegaire has pointed to no authority indicating that the Court clearly erred in rejecting her FMLA interference claim.  The Court therefore declines to grant Rule 59(e) relief on this basis.

### C. Causation Element of Wrongful Discharge

The Court granted summary judgment to JBS on Alcegaire's wrongful-discharge claim in part because Alcegaire "point[ed] to nothing other than temporal proximity in support of her causation argument."  (D.N. 46, PageID # 308)  *See Witham v. Intown Suites Louisville Ne., LLC*, 815 F.3d 260, 263 (6th Cir. 2016) (requiring "a causal connection" between the plaintiff's participation in a protected activity and the defendant's adverse employment action in order to establish claim for wrongful discharge).  In reaching this conclusion, the Court relied upon *Bush v. Compass Group USA*, in which the Sixth Circuit stated that "under Kentucky law, temporal proximity between a worker's protected activity and an adverse employment action is generally insufficient to sustain a retaliation claim where . . . the plaintiff 'does not point to any other facts or circumstances which would support an inference that [the employer] retaliated against [the plaintiff] based on [the workers' compensation] claim.'"  683 F. App'x 440, 454 (6th Cir. 2017) (quoting *Collins v. Sapphire Coal Co.*, No. 2010-CA-000690-MR, 2011 WL 4633099, at *3 (Ky. Ct. App. Oct. 7, 2011)).

Alcegaire argues that the Court clearly erred in relying on *Bush*.  (D.N. 48-1, PageID # 320)  Alcegaire first asserts that the facts and holding of *Bush* are distinguishable from the facts

---

[6] Alcegaire asserts that "she was not told she had to call in daily" and that she was never "advised that her position was in jeopardy because she had not called in on a daily basis."  (D.N. 48-1, PageID # 319-20)  She does not deny, however, being aware of the policy and its warning that failure to properly notify the company of absences could result in termination.  (*See* D.N. 42-7, PageID # 282, 284)

here. (*Id.*) Even assuming the existence of factual differences between the two cases,[7] such differences fail to show that the Court clearly erred in relying on the rule stated in *Bush*—that temporal proximity alone is generally insufficient to sustain a retaliation claim. Notably, the Sixth Circuit stated this rule within the context of a workers' compensation retaliation claim pursuant to Ky. Rev. Stat. § 342.197, the same statute upon which Alcegaire relies. *See Bush*, 683 F. App'x at 453-54. (*See* D.N. 1, PageID # 21)

Second, Alcegaire argues that the correct rule is that "when the adverse employment action occurs very close in time (less than a month) *after* the employee has engaged in protected activity . . . temporal proximity alone *is sufficient* to establish the prima facie element of causation for wrongful discharge claims." (D.N. 48-1, PageID # 321) But the cases Alcegaire cites in support of that rule were not decided under Kentucky's workers' compensation statute. *See Savage v. Fed. Express Corp.*, 856 F.3d 440, 448 (6th Cir. 2017) (decided under the USERRA); *Frazier v. Richland Pub. Health*, 685 F. App'x 443, 445, 455 (6th Cir. 2017) (decided under Title VII); *Johnson v. Fifth Third Bank*, 685 F. App'x 379, 385 (6th Cir. 2017) (decided under the FMLA); *Adamov v. U.S. Bank Nat'l Ass'n*, 681 F. App'x 473, 477-78 (6th Cir. 2017) (decided under Title VII); *Lee v. Cleveland Clinic Found.*, 676 F. App'x 488, 490, 499 (6th Cir. 2017) (decided under Title VII); *Asbury Univ. v. Powell*, 486 S.W.3d 246, 251, 259 (Ky. 2016) (decided under the KCRA). As such, they do not establish that the Court clearly erred in relying on the rule from *Bush*. While the Court acknowledges that the caselaw

---

[7] Alcegaire asserts that *Bush* is factually distinguishable because in that case, "the adverse employment action was already in place before the protected activity." (D.N. 48-1, PageID # 320) But a review of the case reveals that the adverse employment action (the plaintiff's termination) took place after the plaintiff reported workplace injuries. *See Bush*, 683 F. App'x at 453-54.

addressing temporal proximity within the context of retaliation claims is not a model of clarity,[8] it cannot conclude that it committed a clear error of law in the absence of any authority casting doubt upon *Bush*. *See Saunders v. Ford Motor Co.*, 879 F.3d 742, 752-53 (6th Cir. 2018) (declining to address whether temporal proximity was sufficient to prove causal connection under Ky. Rev. Stat. § 342.197).

Finally, Alcegaire refers to her earlier brief and the "additional evidence" she purportedly presented to show causation. (D.N. 48-1, PageID # 321; *see* D.N. 42) But Rule 59(e) does not permit parties to re-argue a case. *See Howard*, 533 F.3d at 475. The Court declines to reconsider evidence presented on summary judgment. *See Conner v. State Farm Mut. Auto. Ins. Co.*, 273 F. App'x 438, 444 (6th Cir. 2008) ("Moreover, [the plaintiff's] argument that the district court should have reconsidered the circumstantial evidence she offered is not a proper basis upon which to alter or amend a judgment.").

For the first time Alcegaire cites to a letter in which JBS gave her ten days to submit medical documentation; she asserts that JBS instead fired her on the sixth day. (D.N. 48-1, PageID # 321-22; *see* D.N. 48-3) Alcegaire argues that one reason for the early termination "could easily have been because of receipt of the letter from Ms. Alcegaire's lawyer [regarding her workers' compensation claim]." (D.N. 48-1, PageID # 322) But the Court is unable to find any reference to this particular argument in Alcegaire's earlier response.[9] (*See* D.N. 42, PageID

---

[8] Another judge in this district earlier acknowledged, within the context of a retaliation claim based on racial discrimination, that this Circuit "ha[d] not adopted a uniform approach on whether causal connection may be established solely on the basis of temporal proximity" and that "there [were] certainly conflicting cases within the Sixth Circuit, depending on the circumstances." *Harris v. Burger King Corp.*, 993 F. Supp. 2d 677, 687-88 (W.D. Ky. 2014) (citation omitted).

[9] Indeed, Alcegaire appears to have relied exclusively upon temporal proximity in order to establish causation. (*See* D.N. 42, PageID # 229 ("The temporal proximity between these events satisfies the causation element."))

# 228-29) Rule 59(e) does not permit parties to raise new arguments that could have been raised before. *See Roger Miller Music, Inc.*, 477 F.3d at 395. And Alcegaire has not argued that the letter is "newly discovered evidence." The Court again declines the request to alter or amend its earlier Judgment.

Even assuming that Alcegaire could show causation, however, the Court would still conclude that she cannot prevail on her wrongful-discharge claim. As the Court explained in its earlier Memorandum Opinion and Order, the evidence shows that JBS had a legitimate reason for terminating Alcegaire's employment after she repeatedly failed to comply with the company's call-in requirements. (D.N. 46, PageID # 309-10) Because the Court is not convinced that this reason was pretextual,[10] Alcegaire's claim must fail, and her Rule 59(e) motion will be denied. *See Saunders*, 879 F.3d at 753.

D.  **Request to Supplement Record**

Finally, Alcegaire seeks to supplement the record with an exhibit that was mistakenly omitted from her response in opposition to summary judgment. (D.N. 48-1, PageID # 316) The omitted exhibit contains a letter sent from a law firm to JBS advising the company that the firm

---

[10] In her reply brief, Alcegaire cites new evidence in support of her pretext argument. (D.N. 52, PageID # 350-51; *see* D.N. 52-2; D.N. 52-3) This evidence is unaccompanied by any argument that it was previously unavailable, however. (*See* D.N. 52, PageID # 350-51) It is therefore not an appropriate basis for Rule 59(e) relief. *See GenCorp, Inc.*, 178 F.3d at 834. Alcegaire also relies on her termination letter, which stated that she was fired for failing to comply with the attendance policy when she failed to provide supporting documentation for her absences. (D.N. 52, PageID # 350-51, *see* D.N. 42-6) But Alcegaire did not argue that the termination letter showed pretext until her reply brief in support of her Rule 59(e) motion. The argument is thus not properly before the Court. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses."). In any event, and for the reasons explained below, the termination letter does not establish that Alcegaire's violation of the attendance policy and its call-in requirements "did not actually motivate" her termination. *See Witham v. Intown Suites Louisville Ne., LLC*, No. 3:13-CV-1167-DJH, 2015 WL 3646802, at *5 (W.D. Ky. June 10, 2015), *aff'd*, 815 F.3d 260 (6th Cir. 2016).

had been retained to represent Alcegaire in her workers' compensation claim. (D.N. 48-2) Although this exhibit was omitted from Alcegaire's earlier response, the Court assumed the truth of the information in the exhibit—that JBS fired Alcegaire after receiving a letter from her lawyer regarding her workers' compensation claim. (D.N. 46, PageID # 310; *see also* D.N. 42, PageID # 229-30) But the Court concluded that this fact was "insufficient to show pretext" because "JBS's delay in terminating [Alcegaire did] not prove that she was terminated for any reason other than her failure to comply with the attendance policy." (D.N. 46, PageID # 310) *See also Witham*, 815 F.3d at 264 ("Companies need not rashly discharge an employee at the first sign of trouble to prove the sincerity of their motives, and [the defendant's] minimal delay does nothing to undermine its explanation for firing [the plaintiff].").

Indeed, the law firm letter was the only evidence Alcegaire presented suggesting that JBS fired her in retaliation for bringing a workers' compensation claim. (*See* D.N. 42, PageID # 217-18, 229-30) But the fact that JBS "*knew* [Alcegaire] had a workers' compensation claim does not mean [that it] discharged her *because of* that claim." *Witham*, 815 F.3d at 264.

The Court sees no need to grant Alcegaire's request to supplement the record given that it already considered the essential content of the letter in its earlier decision. The letter does not constitute "newly discovered evidence," and Alcegaire has not shown that the Court clearly erred in concluding that JBS's stated reason for firing Alcegaire (her failure to comply with the attendance policy's call-in requirements) was legitimate and not pretextual. (D.N. 46, PageID # 309-10) Alcegaire's request to supplement will therefore be denied.

### IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Alcegaire's motion to alter or amend the Judgment (D.N. 48) is **DENIED**.

June 19, 2018

**David J. Hale, Judge
United States District Court**